

U.S. Department of Justice

*United States Attorney*
*District of Connecticut*

**FILED**
**2016 SEP 16  P 5: 17**
**US DISTRICT COURT**
**HARTFORD CT**

*Connecticut Financial Center*    *(203)821-3700*
*157 Church Street, 25th Floor*    *Fax (203) 773-5376*
*New Haven, Connecticut 06510*    *www.justice.gov/usao/ct*

**September 16, 2016**

William F. Dow III, Esq.
Jacobs & Dow, LLC
350 Orange St.
New Haven, CT 06511
wdow@jacobslaw.com

     Re:    United States v. Joseph A. Castellano
             Case No. 3:16-cr-00065-RNC

Dear Mr. Dow:

    This letter confirms the plea agreement between your client, Joseph A. Castellano (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

## THE PLEA AND OFFENSE

    The defendant agrees to plead guilty to two counts (counts eleven and sixteen) of the indictment charging him with mail fraud, in violation of 18 U.S.C. § 1341 and money laundering, in violation of 18 U.S.C.§ 1957.

    The defendant understands that, to be guilty of these offenses, the following essential elements of the offense must be satisfied:

    1.    Mail Fraud

          a.    There was a scheme and artifice to defraud and to obtain money and property by materially false and fraudulent pretenses, representations and promises;

          b.    The defendant knowingly and willfully participated in the scheme and artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and


*September 16, 2016 Letter to William F. Dow III, Esq.*
*Page 2*

      c. In execution of that scheme, the defendant used or caused use of the mails or a private or commercial interstate carrier.

  2. Money Laundering

      a. The defendant knowingly engaged or attempted to engage in a monetary transaction;

      b. The monetary transaction was of a value greater than $10,000;

      c. The monetary transaction involved criminally derived property, which was derived from a specified unlawful activity (*e.g.* mail fraud and/or wire fraud);

      d. The defendant knew that the monetary transaction involved criminally derived property; and

      e. The monetary transaction took place within the United States.

## THE PENALTIES

The defendant is aware and understands that the crime of mail fraud in violation of Title 18 U.S.C. § 1341 carries a maximum penalty of twenty years of imprisonment and a fine of 250,000 dollars. The defendant is aware and understands that the crime of money laundering in violation of Title 18 U.S.C. § 1957 carries a maximum penalty of ten years of imprisonment and a fine of 250,000 dollars. In addition, under 18 U.S.C. § 3583, the Court may impose a term of supervised release of not more than 3 years to begin after imprisonment. The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to 2 years per violation pursuant to 18 U.S.C. § 3583 with no credit for time already spent on supervised release.

The defendant is also aware and understands that he is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000. Here the parties agree that the gross loss from the offense is estimated at this time to be $~~1,780,000~~ [handwritten: 1,450,000], making the maximum potential fine $~~3,560,000~~ [handwritten: 2,900,000].

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

The defendant is also subject to restitution, as discussed below. Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572 (h), (i) and § 3612(g).

Restitution

In addition to the other penalties provided by law, the Court also order that the defendant make restitution under 18 U.S.C. § 3663A and the Government reserves its right to seek restitution on behalf of all of the victims of the scheme not limited to those referenced in the indictment nor limited to the count of the Indictment to which he is entering a plea of guilty and consistent with the provisions of § 3663A. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.

Regardless of restitution that may be ordered by the Court noted above, the defendant agrees to make restitution in the amount of $~~1,780,000~~. The defendant agrees to make such restitution as ordered by the Court. [handwritten: 1,450,000 JTP]

**COLLECTION OF FINANCIAL OBLIGATIONS**

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees fully to disclose all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, including but not limited to:

1.   The defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant understands and agrees that his financial statement and disclosures will be complete, accurate, and truthful.

2.   The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on him in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

**THE SENTENCING GUIDELINES**

Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on

*September 16, 2016 Letter to William F. Dow III, Esq.*
*Page 4*

the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) truthfully disclosing to the United States Attorney's Office and the United States Probation Office personal information requested, including the submission of a complete and truthful financial statement detailing the defendant's financial condition.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release.  Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility.  The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

<u>Stipulation</u>

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement.  The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing.  The defendant understands that this stipulation is not binding on the Court.  The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

<u>Guideline Stipulation</u>

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

The defendant's base offense level under U.S.S.G. § 2B1.1(a)(1) is 7. That level is increased by 14 levels under U.S.S.G. § 2B1.1(b)(1)(I) because the agreed-upon loss is over $550,000 but less than $1,500,000. That level is further increased by 2 levels under U.S.S.G. § 3B1.3 because the defendant abused a position of private trust that significantly facilitated the commission and concealment of the offense. That level is further increased by an additional 2 points because the offense involved 10 or more victims per U.S.S.G. § 2B1.1(b)(2). That level is further increased by 1 level because the defendant was convicted under 18 U.S.C. § 1957 per U.S.S.G. § 2S1.1(b)(2). Three levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 23.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

A total offense level 23, assuming a Criminal History Category I, would result in a range of 46 to 57 months of imprisonment (sentencing table) and a fine range of $20,000 to $200,000, U.S.S.G. § 5E1.2(c)(3).

The defendant is also subject to a supervised release term of 1 years to 3 years. U.S.S.G. § 5D1.2.

The defendant understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that he will not be permitted to withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

### Waiver of Right to Appeal or Collaterally Attack Conviction and Sentence

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction and sentence. The defendant agrees not to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. Nor will he pursue such an appeal or collateral attack to challenge the sentence imposed by the Court if that sentence does not exceed 57 months of imprisonment, a 3-year term of supervised release, a $100 special assessment per count, a $1,450,000 restitution order and a the maximum fine $3,000,000, even if the Court imposes such a sentence based on an analysis different from that specified above. The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. The defendant

acknowledges that he is knowingly and intelligently waiving these rights.  Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentence that is inconsistent with (or not addressed by) this waiver. Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

## WAIVER OF RIGHTS

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in his defense.  The defendant understands that by pleading guilty he waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution.  The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty.  The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats,

*September 16, 2016 Letter to William F. Dow III, Esq.*
*Page 7*

force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

The defendant acknowledges that he is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendant voluntarily, knowingly, and intelligently waives any rights he may have to seek attorney's fees and other litigation expenses under the Hyde Amendment.

**SCOPE OF THE AGREEMENT**

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

**COLLATERAL CONSEQUENCES**

The defendant understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and in some states, the right to vote. Further, the defendant understands that if he is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

**SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH**

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the wire and mail fraud scheme that forms the basis of the indictment in this case. After sentencing, the Government will move to dismiss counts 1 through 10, 12 through 15, and 17 through 18 of the indictment.

*September 16, 2016 Letter to William F. Dow III, Esq.*
*Page 8*

      The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his guilty plea.

*September 16, 2016 Letter to William F. Dow III, Esq.*
*Page 9*

**NO OTHER PROMISES**

  The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

  This letter shall be presented to the Court, in open court, and filed in this case.

           Very truly yours,

           DEIRDRE M. DALY
           UNITED STATES ATTORNEY

           JOHN T. PIERPONT, JR.
           MICHAEL MCGARRY
           ASSISTANT UNITED STATES ATTORNEYS

  The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

_____   9/16/16
JOSEPH A. CASTELLANO     Date
The Defendant

  I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

_____   9/16/16
WILLIAM F. DOW III, ESQ.     Date
Attorney for the Defendant

*September 16, 2016 Letter to William F. Dow III, Esq.*
*Page 10*

## STIPULATION OF OFFENSE CONDUCT

The defendant and the Government stipulate to the following offense conduct that gives rise to the defendant's agreement to plead guilty to the indictment:

1. The defendant managed several business entities including: Casbo investments, AIM Realty Investors, and, as a former CPA, a tax preparation business which assisted individuals and local businesses with their tax preparation and filings.

2. The defendant offered to his clients what he purported to be a legitimate investment opportunity to invest their monies with him and provide money to him. The defendant used the relationships of trust that he had developed with his clients and friends to induce them to invest their monies with him and to provide money to him purportedly for investment purposes and to generate a positive return.

3. The defendant promised investors that he would earn them a 6-8% or greater return by investing the money in real estate and real estate ventures, by loaning it to other clients of his who purportedly needed funding, and/or investing it *via* self-directed IRA funds; however, the representations were materially false.

4. The defendant provided his investors with documents entitled "Demand Notes," which promised to return the investors funds with accrued interest at any time. The defendant signed these notes as the "Manager" of Casbo Investments, and had them witnessed by a third party in order to further create an appearance of legitimacy.

5. Although for a period of time, a number of the loans were repaid as promised, the defendant knowingly and willfully made materially false representations and promises and through these false representations ultimately convinced his victim-investors to invest approximately $1.44 million with him through various investment contracts and investment vehicles.

6. The defendant knowingly and willfully used the investors' monies for other expenses including, personal expenses, business expenses for CPA business, credit card bills and to make interest payments, lulling payments, and other payments to other investors.

7. The defendant induced one victim with the initials P.B., to invest $320,000 with him, representing to victim-investor P.B. that it would be lent to other clients of his who could not obtain traditional loans. However, these representations were not true and instead of loaning the money to other clients, the defendant diverted the money for his own use and benefit including spending the money on personal and business expenses.

8. The defendant continued the fraud against victim-investor P.B. by knowingly and willfully causing fraudulent "Quarterly Statements" to be sent through the United States Mails and by private commercial interstate carrier from Ohio to Connecticut, including one such statement sent on or about September 30, 2016.

*September 16, 2016 Letter to William F. Dow III, Esq.*
*Page 11*

9. On February 22, 2013, the defendant executed a financial transaction in an amount greater than $10,000 by writing a check (check number 1098) drawn from the AIM Realty Investors Account at People's United Bank, account ending in #0843, made payable to Casbo Investments, one of his other businesses, in the amount of $75,000 and in doing so, he drew upon funds that had previously been obtained by his having fraudulently induced another victim, with the initials A.F.L.P., to invest with him at AIM Realty Investors and which funds were the proceeds of a specified unlawful activity, namely mail fraud and wire fraud.

This written stipulation is part of the plea agreement. The defendant and the Government reserve their right to present additional relevant offense conduct to the Court in connection with sentencing.

_____
JOSEPH A. CASTELLANO
The Defendant

_____
JOHN T. PIERPONT, JR.
MICHAEL S. MCGARRY
ASSISTANT UNITED STATES ATTORNEYS

_____
WILLIAM F. DOW III, ESQ.
Attorney for the Defendant

*September 16, 2016 Letter to William F. Dow III, Esq.*
*Page 12*

# RIDER CONCERNING RESTITUTION

The Court shall order that the defendant make restitution under 18 U.S.C. § 3663A. The order of restitution may include:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense, the order of restitution shall require the defendant to:

   A. Return the property to the owner of the property or someone designated by the owner; or

   B. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

   The greater of -
   (I) the value of the property on the date of the damage, loss, or destruction; or

   (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2. In the case of an offense resulting in bodily injury to a victim –

   A. Pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

   B. Pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

   C. Reimburse the victim for income lost by such victim as a result of such offense;

3. In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4. In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant. In addition to the court-ordered restitution, the court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, or a modification of the conditions of supervised release, or in the defendant being held in contempt under 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. *See* 18 U.S.C. §§ 3614, 3613A. The Court may also order that the defendant give notice to any victim(s) of his offense under 18 U.S.C. § 3555.